IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES MOSLEY, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 23-CV-4000 |
| : | |
| STARBUCK CORP., *et al.*, : | |
|     Defendants. : | |

MEMORANDUM

**PEREZ, J.**                                                                                                                                                                  November 3rd , 2023

James Mosley has filed a *pro se* Complaint naming as Defendants Starbuck Corp. ("Starbucks"), Salvatore Vilardi, an attorney who represents Starbucks in a state court action brought by Mosley, Vilardi's law firm Cirpriani Werner, and Keyla Pena, a Starbucks manager. Mosley also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mosley *in forma pauperis* status, and dismiss the Complaint.

**I.     FACTUAL ALLEGATIONS**[1]

Mosley seeks to invoke the Court's federal question jurisdiction to bring claims against the Defendants citing a criminal statute, 18 U.S.C. § 1001, alleging that they have made false statements about him. (Compl. at 2.) He asserts that on October 18, 2022 Attorney Vilardi sent Mosley a copy of an incident report form submitted by Defendant Pena on February 3, 2020 to her district manager contending that Mosley was indecently exposing himself at her store at 1801 Market Street in Philadelphia. (*Id*. at 4; ECF 2-1 at 1-2, 6.) Mosley contacted Vilardi about the

---

[1] The factual allegations set forth in this Memorandum are taken from Mosley's Complaint and attachments (ECF Nos. 2 and 2-1). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

incident being falsely reported "to no avail." (Compl. at 4.) He asserts that because he is African American, Pena and Vilardi are Hispanic, and Starbucks "is owned by Caucasin [sic] descent," his request was ignored. (*Id*.) Mosley claims that due to race discrimination, "Defendants continue to use submit[ted] false baseless report subjecting [Mosley] to criminal charges." (*Id*. at 5.) He claims he is "subject to being charged with criminal charges as to indecent exposure due to [the] report." (*Id*.) As relief on his claim, Mosley seeks money damages and asks the Court to order the Defendants to "disregard" the incident report in the state court action brought by Mosley against Starbucks. (*Id*.)

Attached to the Complaint is a letter dated October 18, 2022 from Attorney Vilardi to Mosley referencing a motion for production of documents Mosley filed in *Mosley v. Starbucks Corporation*, No. 220200126 (C.P. Philadelphia). (ECF No. 2-1 at 2-3.) Vilardi attached to his letter an Incident Report created by Pena identifying the "incident type" as "indecent exposure," noting that police were not called, and stating: "A tall black man was falling asleep and according [to] him hit his nose. He came to see me asking for the bathroom key so he can check his nose. Came back to me to show me he had a tiny red mark on his nose. I asked if he was ok and give [sic] him a [bandage] even though there was no bleeding or anything. He came back with paper work from urgent care them [sic] walk away." (*Id*. at 6.) There is handwriting on the page directed toward the words "indecent exposure," presumably Mosely's, reading "Plaintiff subject to criminal charges." (*Id*.) Mosley asserts this statement constitutes "falsely reporting an incident in the third degree." (*Id*. at 5, 9.)

## II. STANDARD OF REVIEW

The Court grants Mosley leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mosley is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

When allowing a plaintiff to proceed *in forma pauperis* the Court must also review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction

rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

### A. Federal Law Claims

Mosley cites a criminal statute, 18 U.S.C. § 1001, which makes it a federal crime to make false statements or representations within the jurisdiction of any department or agency of the United States, as a basis for the Court exercising federal question jurisdiction over his claims. However, criminal statutes generally do not give rise to a basis for civil liability. *See Brown v. City of Philadelphia Office of Human Res.*, 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) ("Brown alleges that the defendants violated various criminal statutes, but most do not provide a private cause of action."). Indeed, the United States Supreme Court has stated that, unless specifically provided for, federal criminal statutes rarely create private rights of action. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 377 (1958) (stating that where a statute "contains only penal sanctions for violation of it provisions; in the absence of a clear expression of congressional intent to the contrary, these sanctions should under familiar principles be considered exclusive, rather than supplemented by civil sanctions of a distinct statute"); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("We have been quite reluctant to infer a private right of action from a criminal prohibition alone."). The fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action for the injured person. *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979); *Cannon v. University of Chicago*, 441 U.S. 677, 689 (1979).

Moreover, courts have specifically held that § 1001 does not provide a private right of action. *See Federal Savings & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir.1987)

(holding that no private right of action exists under 18 U.S.C. § 1001; reversing lower court decision that a private right of action did exist under 18 U.S.C. § 1001); *Mathis v. Philadelphia Elec. Co.*, No. 14-2234, 2015 WL 12914149, at *4 (E.D. Pa. July 31, 2015), *aff'd*, 644 F. App'x 113 (3d Cir. 2016) (citing *Reeves*); *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992) (holding that no private right of actions exists under 18 U.S.C. § 1001).  Thus, to the extent that Mosely seeks to raise a cause of action under § 1001, that claim must be dismissed with prejudice.

Because Mosley alleges the Defendants discriminated against him on the basis of race, the Court will also address whether Mosely may assert a civil rights claim under 42 U.S.C. §§ 1981 or 1983.  Section 1981 provides that,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> 42 U.S.C § 1981.

"'To establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).'" *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted*, 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018) (quoting *Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015).

While Mosley has alleged the first two elements of a § 1981 claim, namely that he "belongs to a racial minority" and that the defendants had the "intent to discriminate on the basis of race," *see Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir. 1984); *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002), nothing about his allegations involve making and enforcing a contract. While he alleges that the Defendants made false statements about him being indecently exposed at the Starbucks store and his attachments indicate that he successfully filed a case in state court, nothing in his allegations suggest that has been prevented from bringing a lawsuit or giving evidence, or been denied the equal benefit of the law to protect his person or property. Accordingly, any claim under § 1981 would not be plausible.

Section 1983 is a vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

None of the named Defendants, a private corporation and its employee, and an attorney and his law firm, are "state actors" subject to liability under § 1983. Private entities and their employees do not become "state actors" because they, as alleged here, they are involved in litigation as a party or a witness. *See generally*, *Dennis v. Sparks*, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Carter v. Kane*, 717 F. App'x 105, 109

(3d Cir. 2017) (holding that witnesses are absolutely immune from damages liability based on their testimony); *Grapentine v. Pawtucket Credit Union*, 755 F.3d 29, 31 (1st Cir. 2014) ("Significantly, [Section] 1983 does not apply to merely private conduct, no matter how discriminatory or wrongful.") (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)) (internal quotations omitted). There is also no assertion that Starbucks or Pena have exercised powers that are traditionally the exclusive prerogative of the state, acted with the help of or in concert with state officials or has so far insinuated itself into a position of interdependence with the state that it must be recognized as a joint participant in the challenged activity. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Vilardi and his law firm also cannot be deemed to be state actors merely because they represent a client in its litigation. *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Because none of the Defendants are state actors, any civil rights claim brought pursuant to § 1983 must be dismissed with prejudice.

**B.     State Law Claims**

Mosley may also be seeking to raise a state law claim for making a false statement.[2] Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

---

[2] The attachments to Mosley's Complaint suggest that he has already alleged state law claims in state court.

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Mosley does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself, Vilardi and his law firm, and addresses in Seattle, Washington for Starbucks and Pena. The Pennsylvania address for Mosely, Vilardi, and the law firm suggests that complete diversity of citizenship is lacking. Accordingly, Mosely has not sufficiently alleged that the parties are completely diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

IV.   **CONCLUSION**

For the reasons provided, Mosley's federal law claims against the named Defendants are dismissed with prejudice because they are not plausible. Mosley's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction so that he may pursue those

claims in an appropriate state court.  An Order of dismissal will be entered separately.  *See* Federal Rule of Civil Procedure 58.

**BY THE COURT:**

_____

**MIA R. PEREZ, J.**
